CARROLL, DONALD K., Judge.
The plaintiff in an action to set aside a final decree of divorce on the ground of improper service of process has appealed from a final judgment entered by the Circuit Court for Putnam County, refusing to set aside the said decree.
The basic question presented for our determination in this appeal is whether the service of process upon the appellant in the earlier divorce action was legally sufficient, under former Section 47.13, now Section 48.031, Florida Statutes 1967, F.S.A., to give the said court jurisdiction over her.
The provision of Section 47.13, under which the service of process in question was attempted, provides that service of the original writ or summons “shall be effected” by leaving copies of the original writ or summons, together with a copy of the complaint, affidavit, petition, or other initial pleading “at his usual place of abode with some person of the family above fifteen years of age, and informing such person of their contents.”
In the sheriff’s return filed with the court, he tracked the quoted statutory provision by stating that the summons was served upon the appellant at a certain hour and date in Jacksonville, Florida, by leaving a copy of the summons and complaint “at her usual place of abode, to-wit: 720 Orange Court, with a person of the family above the age of 15 years, to-wit: Virginia Duffy, and informing said person of the contents thereof.”
First, we recognize, as the appellant concedes in her brief, that, under established rules, a sheriff’s return is clothed with a presumption of correctness, but such presumption may be overcome by appropriate evidence.
At the evidentiary hearing before a special examiner, the appellant, her sister Virginia Duffy, and two other witnesses testified unequivocally on the appellant’s behalf that she had never lived with her said sister at 720 Orange Court or elsewhere and that the appellant lived with her mother at another address throughout the month when the purported service was attempted at 720 Orange Court. The appellant testified that she was unaware of the action for divorce until years after the divorce decree was entered. At the hearing the appellees offered no testimony or evidence of any kind to overcome the testimony of the appellant’s said four witnesses, whose testimony thus stands uncontradicted in the record before us.
At the said hearing the deputy sheriff who made the purported service at 720 Orange Court testified that he could not identify Virginia Duffy as the party on whom the service was made, nor was he able to testify that the appellant’s place of abode was 720 Orange Court.
In view of all of the foregoing testimony, we are of the opinion that the presumption of correctness clothing the deputy sheriff’s said return was completely overcome and dissipated, that the purported service of process upon the appellant was insufficient and ineffective under the above-quoted statutory provision, and that, therefore, the court did not achieve jurisdiction of the appellant in the action for divorce, so the final decree rendered therein must be set aside.
Consequently, the final judgment appealed from herein should be, and it is, reversed, and the cause is remanded with instruction for further proceedings consistent with the views above set forth.
*55 Reversed and remanded with instructions.
JOHNSON, C. J., and RAWLS, J., concur.